KAREN P. HEWITT
United States Attorney
JOSEPH J.M. ORABONA
Assistant U.S. Attorney
California State Bar No. 223317
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7736
Email: joseph.orabona@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. 07CR2865-LAB |
| Plaintiff, | Date: December 10, 2007<br>Time: 2:00 p.m. |
| v. | The Honorable Larry A. Burns |
| EDUARDO TURCIOS-PORTILLO, | **UNITED STATES' RESPONSE TO DEFENDANT'S MOTIONS TO COMPEL DISCOVERY AND FOR LEAVE TO FILE FURTHER MOTIONS** |
| Defendant. | |

The plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Joseph J.M. Orabona, Assistant United States Attorney, hereby files this Response to the Motions to Compel Discovery and For Leave to File Further Motions filed by Eduardo Turcios-Portillo ("Defendant") on November 7, 2007.

**I**

**STATEMENT OF THE CASE**

On October 16, 2007, Defendant waived Indictment and agreed to allow the United States to file an Information against Defendant. The Information charges Defendant with one count of being a deported alien found in the United States, in violation of 8 U.S.C. § 1326 (a) and (b). On October 16, 2007, Defendant was arraigned on the Information and entered a plea of not guilty. On November 1,

2007, District Court Judge Gordon Thompson refused to accept Defendant's plea, referred the case to District Court Judge Larry A. Burns, and set a motion hearing and trial setting for December 10, 2007. On November 7, 2007, Defendant filed the above captioned motions. The United States files the following response.

## II

## STATEMENT OF FACTS

### A. OFFENSE CONDUCT

On September 13, 2007, at approximately 11:45 p.m., Border Patrol Agents ("BPA") were conducting linewatch operations near the intersection of Lyons Valley Road and Barrett lake Road in Jamul, California. This area is approximately ten miles north of the U.S./Mexico international border and nine miles west of the Tecate, California, Port of Entry. BPA responded to a seismic sensor activation in the area, observed five different sets of footprints, and followed the footprints and encountered five individuals attempting to conceal themselves in surrounding brush. BPA identified themselves and conducted field interviews of all five individuals, one of which, Defendant, freely identified himself as "Eduardo Anselmo Turcios-Portillo." Defendant admitted that he illegally re-entered the United States without proper documentation or authorization. Defendant also freely and falsely stated to BPA that he was a citizen and national of Mexico, when in fact, Defendant is a citizen and national of Honduras.

A routine records check revealed that Defendant is a citizen and national of Honduras. Defendant subsequently was lawfully excluded, deported, and removed from the United States to Honduras on two prior occasions and to Mexico on one prior occasion.

### B. DEFENDANT'S CRIMINAL HISTORY

On August 10, 1999, Defendant was convicted of a crime of violence for Assault with a Firearm on a Person causing Great Bodily Injury, in violation of California Penal Code § 245(a)(2), in the Superior Court of California, County of San Bernardino. Defendant was sentenced to ten years in state prison. The United States has ordered the documents regarding this conviction and will produce the documents to defense counsel.

//

# III

# ACKNOWLEDGMENT OF DISCOVERY OBLIGATIONS

### A.    COMPLIANCE WITH THE LOCAL RULES

Local Rule of Practice in Criminal Proceedings 47.1(c) states that an opposition brief to any motion shall be filed no later than seven (7) days prior to the hearing. On December 6, 2007, which is five days prior to the next hearing, I became the lead counsel in this case and am responsible for all further proceedings. Since the deadline to file an opposition to the above-referenced discovery motions has passed, the United States files the following response acknowledging its discovery obligations.

### B.    DEFENDANT'S MOTIONS TO COMPEL DISCOVERY

The United States has and will continue to fully comply with its discovery obligations. As of the date of this Motion, the United States has produced thirty-four pages of discovery and one DVD containing Defendant's post-Miranda statements. The United States will continue to comply with its obligations under Brady v. Maryland, 373 U.S. 83 (1963), the Jenks Act (18 U.S.C. § 3500 et seq.), and Rule 16 of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P."). Counsel believes that all discovery disputes can be resolved amicably and informally in this case. In view of the below-stated position of the United States concerning discovery, it is respectfully requested that no orders compelling specific discovery by the United States be made at this time.

#### 1.    Defendants' Statements

The United States recognizes its obligation under Fed. R. Crim. P. 16(a)(1)(A) and 16(a)(1)(B) to provide to Defendant any written statements and the substance of Defendant's oral statements. The United States has produced all of Defendant's statements that are known to the undersigned Assistant U.S. Attorney at this time. If the United States discovers additional oral or written statements that require disclosure under the relevant Rules, such statements will be promptly provided to Defendant.

#### 2.    Prior Record

The United States has provided Defendant with a copy of Defendant's known prior criminal record under Rule 16(a)(1)(D). See United States v. Audelo-Sanchez, 923 F.2d 129, 130 (9th Cir. 1990). Should the United States determine that there are any additional documents pertaining to Defendant's prior criminal record, those will be promptly provided to Defendant.

### 3. Arrest Reports, Notes, and Dispatch Tapes

The United States has already produced to Defendant all arrest reports known to the United States at this time. There are no dispatch tapes known to the United States.

### 4. Evidence Seized

The United States has complied and will continue to comply with Rule 16(a)(1)(E) in allowing Defendant an opportunity, upon reasonable notice, to examine, inspect, and copy all evidence seized that is within its possession, custody, or control, and that is either material to the preparation of Defendant's defense or is intended for use by the United States as evidence during its case-in-chief at trial, or was obtained from or belongs to Defendant.

### 5. Tangible Objects

The United States has complied and will continue to comply with Rule 16(a)(1)(E) in allowing Defendant an opportunity, upon reasonable notice, to examine, inspect, and copy tangible objects that are within its possession, custody, or control, and that is either material to the preparation of Defendant's defense or is intended for use by the United States as evidence during its case-in-chief at trial, or was obtained from or belongs to Defendant.

### 6. Reports of Examinations and Tests

The United States will provide Defendant with any scientific tests or examinations in accordance with Rule 16(a)(1)(F).

### 7. Preservation of Evidence

As stated above, the United States will preserve all evidence to which the Defendants are entitled pursuant to the relevant discovery rules.

### 8, 9. *Brady* Material, Information Affecting Guideline Calculations

The United States has complied and will continue to comply with its discovery obligations under Brady v. Maryland, 373 U.S. 83 (1963).

### 10, 11, 12, 14. Any Proposed 404(b), 608, 609, and 613 Material

The United States has complied and will continue to comply with its obligations under Rules 404(b) and 609 of the Federal Rules of Evidence ("Fed. R. Evid."). The United States has already provided Defendant with a copy of his criminal record, in accordance with Fed. R. Crim. P. 16(a)(1)(D).

1 Furthermore, pursuant to Fed. R. Evid. 404(b) and 609, the United States will provide Defendant
2 with reasonable notice before trial of the general nature of the evidence of any extrinsic acts that it
3 intends to use at trial. See Fed. R. Evid. 404(b), advisory committee's note ("[T]he Committee opted
4 for a generalized notice provision which requires the prosecution to appraise the defense of the general
5 nature of the evidence of extrinsic acts. The Committee does not intend that the amendment will
6 supercede other rules of admissibility or disclosure[.]").

7 The United States will comply with its obligations to disclose impeachment evidence under
8 Giglio v. United States, 405 U.S. 150 (1972). Moreover, the United States will disclose impeachment
9 evidence, if any exists, when it files its trial memorandum, although it is not required to produce such
10 material until after its witnesses have testified at trial or at a hearing. See United States v. Bernard, 623
11 F.2d 551, 556 (9th Cir. 1979).

12 The United States recognizes its obligation to provide information related to the bias, prejudice
13 or other motivation of United States' trial witnesses as mandated in Napue v. Illinois, 360 U.S. 264
14 (1959). The United States will provide such impeachment material in its possession, if any exists, at
15 the time it files its trial memorandum. At this time, the United States is unaware of any prospective
16 witness that is biased or prejudiced against Defendant or that has a motive to falsify or distort his or her
17 testimony. The United States is unaware of any evidence that any United States witness' ability to
18 perceive, recollect, communicate or tell the truth is impaired.

### 13. Evidence of Criminal Investigation of Any United States' Witness

20 The United States has and will continue to comply with its obligations under Brady v. Maryland,
21 373 U.S. 83 (1963), the Jenks Act (18 U.S.C. § 3500 et seq.), and Rule 16 of the Federal Rules of
22 Criminal Procedure.

### 15, 16. Witness Addresses and Names of Witnesses

24 The United States will produce the names of witnesses it intends to call at trial. Defendant has
25 already received access to the names of potential witnesses through the discovery sent to his counsel.
26 The United States is not aware of any individuals who were witnesses to Defendant's offense except
27 the law enforcement agentes who apprehended him. The names of these individuals have already been
28 provided to Defendant.

17.     **Statements Relevant to Defense**

The United States has and will continue to comply with its obligations under Brady v. Maryland, 373 U.S. 83 (1963), the Jenks Act (18 U.S.C. § 3500 et seq.), and Rule 16 of the Federal Rules of Criminal Procedure.

**18.     Jencks Act Material**

The United States will comply with its discovery obligations under the Jencks Act, Title 18, United States Code, Section 3500, and as incorporated in Fed. R. Crim. P. 26.2.

**19.     *Giglio* Material**

The United States has complied and will continue to comply with its discovery obligations under Giglio v. United States, 405 U.S. 150 (1972).

**20.     Records of Deportation Hearings**

The United States has and will continue to comply with its obligations under Brady v. Maryland, 373 U.S. 83 (1963), the Jenks Act (18 U.S.C. § 3500 et seq.), and Rule 16 of the Federal Rules of Criminal Procedure. The United States ordered the records of Defendant's prior deportation hearings. Upon receipt of those records, the United States will produce the records to Defendant.

**C.     DEFENDANT'S LEAVE TO FILE FURTHER MOTIONS**

The United States does not oppose Defendant's request to file further motions if they are based on new discovery or other information not available to Defendant at the time of this motion hearing.

**III**

**CONCLUSION**

For the foregoing reasons, the United States requests the Court deny Defendant's Motions to Compel Discovery, Preserve Evidence and Leave to File Further Motions, unless unopposed.

DATED: December 6, 2007

                                                   Respectfully submitted,

                                                   KAREN P. HEWITT
                                                   United States Attorney

                                               /s/ ***Joseph J.M. Orabona***
                                                 JOSEPH J.M. ORABONA
                                                 Assistant United States Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> EDUARDO TURCIOS-PORTILLO, ) <br> ) <br> Defendant. ) <br> ——————————————————) | Criminal Case No. 07CR2865-LAB <br><br> **CERTIFICATE OF SERVICE** |

IT IS HEREBY CERTIFIED that:

I, Joseph J.M. Orabona, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **THE UNITED STATES' RESPONSE TO DEFENDANT'S MOTIONS TO COMPEL DISCOVERY AND FOR LEAVE TO FILE FURTHER MOTIONS** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them:

> William W. Brown, Esq.
> Brown & Associates
> 402 West Broadway, Suite 2010
> San Diego, California 92101-3554
> Tel:   (619) 501-4242
> Fax:   (619) 374-2336
> Email: bawwb@brownassociateslaw.com
> *Lead Attorney for Defendant*

A hard copy is being sent to chambers.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 6, 2007

/s/ **Joseph J.M. Orabona**
JOSEPH J.M. ORABONA
Assistant United States Attorney